Okay. All right. Okay. Yeah. If you look at the arrows that they point to in Figure 2, and they say, this shows the coordination of the movement... Details ...they show seven arrows in Figure 2 and one of the arrows is between the assert to code and the capture frame into RAM. That's the invention. That's the reported invention. You take a picture and you automatically load it into RAM. How can that possibly have been done by a general purpose computer when that's the very invention? Okay, to move on. Thank you, Your Honor. Thank you. And would you add another four minutes to the rebuttal since we've run over? I'd like to start with the capture step in the court's reading of analog-to-digital into Claim 1. Analog-to-digital conversion appears only once in the patent, beginning at the bottom of Column 4. It relates to the continuously displaying step, not the selectively capturing step. And the specification makes that very clear. If we go to Line 64, the image of the target is then converted into analog electrical signals which are transmitted to the frame grabber, having circuitry to perform the analog-to-digital conversion to provide an array of pixels as defined by default parameters, which is displayed as a continuous video signal, 120. And if we go to Figure 2, we can very clearly see that everything having to do with selective capture and loading into RAM and decoding takes place after the analog-to-digital step is completed. In other words, the frame is taken off of the continuous digital signal and placed into RAM. HHP never conceded this. The district court was in error to say so. And I would direct the court to the appendix at page 463, which is HHP's claim construction brief below, which addresses specifically the term capturing and states, Amazon's proposed construction for capturing, quote, converting the live analog video signal into a single digital frame is not the selective capturing in the claim limitation. Amazon is pointing to the wrong operation. That has been our position all the way through. It remains our position today. And it is the position that is consistent with the description. Claim 22 is a means plus function claim. What do you contend is the corresponding structure there for the selected image capture means? Sure. I would point the court, first of all, I believe this does fall within the exception of CATS because there is clear linking to what processing is. That's a different question. I was asking about the image capture. Oh, the image capture means was found in the court's claim construction. The capture means is taking the frame off of the bus. That's the function. What's the structure? Well, all right. The structure for the capture means is the microprocessor, in our view, executing the instruction from either an user input or an automatic input as shown in figure one. If we look at block, I believe it's block 22. And specifically block 34, in conjunction with the microprocessor, the district court interpreted capture as requiring the analog to digital conversion. And that's plainly incorrect because the specification never describes such an operation. The analog console said that it goes back and performs the analog to digital conversion again. That is nowhere in the patent. And they make the assertion that it's the video capture card that does that. Maybe a video capture card that you buy off the shelf does it or doesn't do it, but that's not how the patent describes the operation taking place. And so our proposed construction is designating a real-time image for attempted decoding based upon a condition and placing it into RAM. I think that gives the claim the correct scope. It doesn't limit the claim to a user. It accommodates for a user or automatic input. And it doesn't put the analog to digital into claim one. With respect to the processing means, which was addressed before, the court can look to the top of column four where we disclose a general-purpose microprocessor, number 22 in figure one. And then what is that describes what it is for. It is for receiving, outputting, and processing, exactly like it was determined in CACS, where the district court, or excuse me, this panel reversed the district court's interpretation of seven claims. Very much parallel type of language in the claim, general processing. Sent that back to the district court for, as you noted, Your Honor, further delineation of what processing means meant. The district court then properly interpreted that to be a general-purpose computer. Now, I'd like to also just briefly address the summary judgment. After the district court interpreted claim one as requiring user involvement in selecting the frame to be captured, it then resolved factual issues against HHP in finding that user involvement based upon looking at a displayed image was not sufficient to meet the claim language. We believe there are three errors here. If you go back to claim one, clearly automatic or user-based selection. Two, we think that the microprocessor is a sufficient description under CACS with the general processing means that are disclosed. If not, there is additional disclosure in the specification with the software routine in the flow diagram, figure two. And third, the court improperly resolved factual inferences against HHP on summary judgment. Any one of those errors requires a remand. We believe all three errors warrant reversal. If there are no further questions, I'll thank you. Okay, thank you. Let's see, Mr. Benyikar, do you need a minute to respond on the summary judgment aspect, which wasn't raised just very briefly? The district court's construction correctly requires that just as the user does when they take a picture, the user aims the camera based on the display, snaps the picture at the instant in time they choose. There is no dispute here that the accused apps do not do that. They prepared a technology tutorial video which shows, in their view, how the apps work. Users only aim, they can't take a picture. That's their video about how the accused apps work. In addition, when you look at their contentions, their infringement contentions, the ones that they're relying on here, as Judge Fine said, there's no dispute based on your contentions that there's no infringement. Look at the contentions that they cite in their brief. This is the user action they rely on. The user selectively captures the barcode by putting it within the measurement region of the camera and adjusting the image so that the barcode is appropriately aligned and reasonably stable. That's aiming. You're holding it steady and keeping it stable. Now, what do their contentions say the apps do? This is at A1535. Well, I think that we're repeating ourselves. I want to be specific to the summary judgment point that was raised. So with respect to the issue of did the district court resolve it? As to whether there should be a trial of disputed facts. There are no facts. There are no disputed facts, Your Honor. If you look at their contentions about how the accused apps work, there are no disputed facts. When we moved for summary judgment, we accepted these facts as true. We accept their contentions as true. We're not saying they are, but we accepted them as true for purposes of summary judgment. Their own contentions allege that it's the apps that select the instant time for capturing. There's no fact issue. Their contention says the app establishes and or applies criteria, its own criteria, that determine what images and or which portions of the images will be selected. The apps are doing that, designated for further detection, decoding, and storing. Their own contentions say it's not the user that's determining quality. Their contentions, A1535, numerous contentions that say the apps have criteria for establishing quality. The apps determine when the images are of sufficient quality. Then the apps take the picture. That's not the construction. There's no issue of fact. Okay. Anything else that you need to raise? Thank you, Your Honor. Thank you both. The case is taken under submission.